**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KHACHIK MARGARYAN,<br><br>       Petitioner,<br><br>       v.<br><br>PAMELA BONDI, et al.,<br><br>       Respondents. | Case No. ED CV 26-00877 FMO (PD)<br><br>**ORDER RE: APPLICATION FOR PRELIMINARY INJUNCTION** |

On March 16, 2026, the court granted petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered respondents to release petitioner forthwith. (Dkt. 10, Court's Order of March 16, 2026, at 10). Petitioner was released that same day. (Dkt. 11, Respondents' Notice of Compliance at 1). Because the standards for granting a TRO and a preliminary injunction are the same, see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court construed petitioner's TRO as an application for a preliminary injunction ("PI Application") and set deadlines for briefing the PI Application. (Dkt. 10, Court's Order of March 16, 2026, at 10-11). Respondents filed an opposition to the PI Application on March 20, 2026, asserting that the case is moot due to petitioner's release.[1] (See Dkt. 12, Respondents' Opposition to PI Application ("Opp.") at 1-2). In his Reply, petitioner contends that the case is not moot merely because he has been released. (See Dkt. 13, Reply at 4-7). The

---

[1] Respondents further assert that they rely upon the arguments set forth in their prior opposition to the TRO. (See Dkt. 12, Opp. at 5).

court agrees, particularly in light of the risk of petitioner's re-detention. (See id.); see, e.g., Bui v. Noem, 2026 WL 353620, *2 (C.D. Cal. 2026) ("The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur."); Cruz v. Lyons, 2025 WL 3443146, *2 (C.D. Cal. 2025) ("Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve. A habeas petition is not moot where preliminary relief is not made permanent."); Esmail v. Noem, 2025 WL 3030589, *3 n. 5 (C.D. Cal. 2025) ("Given the TRO's expiration[,] . . . the necessity of further injunctive relief maintaining the status quo during the pendency of litigation means the claim is necessarily not moot.") (emphasis omitted).

Nor have respondents provided any assurances that petitioner will not be re-detained without due process protections. (See, generally, Dkt. 12, Opp.); see, e.g., M.V.F. v. Santacruz, 2026 WL 127740, *3 (C.D. Cal. 2026) ("Petitioner here . . . has legitimate reason to believe that his future detention is likely. And Respondents cite no change in detention practices that support a finding that a future detention would abide by the procedural requirements that Petitioner alleges were not met. To that end, the likelihood of future harm to Petitioner, absent a preliminary injunction and a final disposition in his favor, is neither remote nor ephemeral."). In other words, respondents have failed to demonstrate that "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (internal quotation marks omitted). Accordingly, a preliminary injunction shall issue for the reasons explained in the Court's Order of March 16, 2026. (See Dkt. 10, Court's Order of March 16, 2026, at 4-9).

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's PI Application **(Document No. 3)** is **granted** as set forth below.

2. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not

be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

3.   The parties shall meet and confer no later than **April 22, 2026**, to discuss what, if anything, remains to be done with respect to the Petition (Dkt. 1).

4.   Should the parties agree there is nothing further for the court to decide, they shall file a stipulation and proposed dismissal order no later than **April 24, 2026**.

5. If the parties disagree as to whether anything remains to be decided with respect to the Petition, then the parties shall file a joint status report.  The status report shall, at a minimum, include the parties' positions on the following: (1) what issues remain for decision; (2) with respect to each issue, whether both parties intend to stand on briefing already filed, and if so, pointing the court to the specific docket entries and page numbers that provide the relevant briefing on each of the issues that remain; (3) if either party believes further briefing is necessary, proposing a schedule for such briefing and lodging a proposed briefing order; and (4) whether the parties agree to consent to the assigned Magistrate Judge for all purposes.[2]  If mootness is one of the issues that remain for decision, the parties shall address the issue in the joint status report.  The parties' joint status report shall be filed no later than **April 24, 2026**.

6.   If the parties do not file a stipulation or joint status report by the deadlines set forth above, the court will deem that as consent that no further relief is available and dismiss the case without prejudice.

Dated this 15th day of April, 2026.

/s/
Fernando M. Olguin
United States District Judge

---

[2]  If the parties consent to the assigned Magistrate Judge, they may file a Consent to Magistrate Judge (form CV-11D) in lieu of a joint status report by the above deadline.